OPINION,
That the loss to the defendent in the sale of his slaves must be attributed to the plaintiff, his letter addressed to John Davis being the only apparent origin of the report which occasioned *that loss; and that the plaintiff, although he is believed not to have designed any injur}’, ought to make reparation; (b)
And the measure of that reparation observed in the first verdict having been more than approved* by the second;
*134 The court" therefore dismissed the bill with costs:
And this decree of dismission, from which the plaintiff appealed, was affirmed the 8 day of decern ber, 1790.

 No proof that any other man evei pretended to clame a title to the slaves exposed to sale by the defendant appeared, henee the report that such a clame existed was supposed by the defendent’s connsil to be a figment of the plaintiff, in which case his obligation to compensate the other party’s loss is unquestionable, if the report were true, bnt the pretended title groundless, the plaintiff, by circulating the report, was no less culpable than if he had been the author of it. the letter committed to Davis a matter of information or pretended information, concerning the title of slaves, confessed by the writei to be unimportant to himself, for he impowered his agent to purchase the slaves, disregarding any report of defect in the title; -unimportant to himself, if his motives, were not to depreciate the slaves, which wouldhavebeenwor.se. his only motive then, if not that, must have been to warn liis agent not to decline bidding, alarmed by the report if he should heat it. solar the plaintiff was iustiilable. his fault was in not guarding against the consequences of the report published by his agent, anti bv him only, this want of caution rendered him firstly obnoxious to compensation, with the rule of the roman fii.w, culpam autem esse, quod, cum a diligente provideri, poterit, non esset provisum Dig lib IX. tit. II 1. XXXI. the common law is believed to concur. Note in edition of 1795.

. e. Tile dam a ges by the second verdict were greater than by tile first. The chancellor set it, for £500, aside. See 3 Call 573, which says: “The in *134 crease of damages in the second verdict might be produced by sudden passion, which, in this case, it was proper for the chancellor to moderate, and to take that sum which two juries had affirmed.” — Ed.] —Note in edition of 1852.